IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **OVELL T. BARBER,** | ) | Civil Action No. 7:12-cv-00533 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **SGT. K. COPELAND, <u>et al.</u>,** | ) | By:  Hon. Michael F. Urbanski |
| Defendants. | ) | United States District Judge |

Ovell T. Barber, a Virginia inmate proceeding <u>pro se</u>, filed a civil rights action pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants M. Vargo, Warden of the Sussex II State Prison ("Sussex II"); Sgt. K. Copeland, a correctional officer at Sussex II; and S. Owens, an Institutional Classification Authority ("ICA") Representative at the Keen Mountain Correctional Center ("KMCC"). This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the action without prejudice for failing to state a claim upon which relief may be granted.

**I.**

Plaintiff's submissions reveal the following facts. On July 18, 2012, plaintiff asked Sgt. Copeland to place him in protective custody because a prison gang placed a "hit" on plaintiff for $200. Sgt. Copeland transferred plaintiff to segregation and charged him with refusing to remain in general population and disobeying an order.

Plaintiff filed an informal complaint to Warden Vargo on July 22, 2012, because Sgt. Copeland transferred plaintiff into segregation and not protective custody. Sgt. Copeland responded to the informal complaint, stating, "The actions taken are the actions required by this administration." Plaintiff filed a regular grievance, and Warden Vargo replied, "Based on the

information provided, I have determined that your formal grievance is unfounded. Consequently, no remedy is warranted at this level."

On August 1, 2012, the ICA at Sussex II formally assigned plaintiff to segregation. Plaintiff requested enemy forms from a prison counselor on August 8, 2012, but she merely responded, "Sussex II does not have P[rotective] C[ustody][;] Seg[regation] is as close as you are going to get to P[rotective] C[ustody] here." Between August 1 and September 5, 2012, the Sussex II institutional investigator determined five times that plaintiff could not return to general population and kept plaintiff in segregation.

On October 5, 2012, the VDOC transferred plaintiff from Sussex II to KMCC, where he remained in segregation. Owens conducted plaintiff's initial classification hearing at KMCC on October 9, 2012, when plaintiff explained that he had enemies at KMCC because of the $200 hit. Plaintiff states that Owens still had not placed him in protective custody by November 2012, but the documents attached to the Complaint establish that plaintiff remained in segregation at KMCC. (Pl.'s Attch. F (ECF no. 4-1).)

Plaintiff argues that Sgt. Copeland and Warden Vargo were deliberately indifferent to the risk of inmates harming plaintiff at Sussex II by denying plaintiff's request for protective custody. Plaintiff argues that Owens was similarly deliberately indifferent by not assigning plaintiff to protective custody at KMCC. Plaintiff requests a declaratory judgment and an injunction that orders defendants to place him in protective custody at KMCC and prevents the VDOC from retaliating against him for filing this action.

## II.

### A.

Plaintiff filed a motion to join a new defendant, R. Clary, and a motion to amend the Amended Complaint to add new claims about Clary. Plaintiff alleges the following facts in support of these motions.

Plaintiff told Sussex II officials that he wanted to attend his ICA hearings after warning Sgt. Copeland, and he was present for the first ICA hearing on July 18, 2012. However, plaintiff was not permitted to attend the subsequent ICA hearings. Plaintiff filed an informal complaint, to which Clary replied, "You were present when assigned to segregation status. The [seven] day reviews are informal proceedings and you are not required to be there."[1] Plaintiff appealed Clary's response to Warden Vargo, who deemed the grievance founded and noted that plaintiff had a right to be present at all the ICA hearings. Plaintiff argues that Clary violated due process by not allowing him to attend the ICA hearings, by denying the informal complaint, and by causing a reduction in the rate of earned good conduct time because he remained in segregation instead of protective custody.

Plaintiff already amended the Complaint, and thus, he needs leave of court to amend the Amended Complaint. Fed. R. Civ. P. 15(a)(2). A court should freely give leave when justice so requires absent some reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962) (citing Fed. R. Civ. P. 15(a)(2)). A court must also consider the more specific joinder provisions of Rules 19(a) and 20(a) when a

---

[1] Clary was the Evidence Based Practice Manager at Sussex II when he wrote that response. He was later plaintiff's Unit Manager at Sussex II and is now the Assistant Warden at KMCC.

plaintiff files a motion to amend that seeks to join another defendant. Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 618 (4th Cir. 2001). The proposed defendant must have a right to relief asserted against him, "arising out of the same transaction, occurrence, or series of transactions or occurrences" and the claims must share some "question of law or fact common to" all of the defendants. Fed. R. Civ. P. 20(a)(2).

Although plaintiff's amendment about Clary presents common questions of law and fact, the motions to amend and to join must be denied as futile. Plaintiff's ICA hearings were to resolve whether he should reside in general population or segregation at Sussex II. Plaintiff fails to identify how the ICA hearing resulted in the loss of a liberty or property interest, which would trigger federal due process protections. See, e.g., Wolff v. McDonnell, 418 U.S. 539, 564-71 (1974). The fact a prison official may not have followed a prison's policies or procedures does not alone state a constitutional claim. See United States v. Caceres, 440 U.S. 741, 752-55 (1978); Riccio v. Cnty. of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that if state law grants more procedural rights than the Constitution requires, a state's failure to abide by that law is not a federal due process issue). Furthermore, plaintiff does not have a protected liberty interest in earning a specific rate of good conduct time resulting from a certain security classification. See DeBlasio v. Johnson, 128 F. Supp. 2d 315, 329 (E.D. Va. 2000), aff'd, 13 F. App'x 96 (4th Cir. 2001). Accordingly, plaintiff fails to state how Clary violated a civil right actionable via § 1983, and the motions to amend and to join Clary must be denied as futile.

**B.**

Plaintiff filed a third motion to amend, acknowledging that prison officials moved plaintiff into protective custody at KMCC. However, plaintiff is still unsatisfied because gang members are in the same protective custody pod, and plaintiff now wants to be moved to the

protective custody unit at Dillwyn Correctional Center. Plaintiff also concludes that R. Clary conspired with staff at Sussex II to have plaintiff killed.

The court denies plaintiff's third motion to amend as futile. Plaintiff does not have a constitutional right to be housed in any particular prison. See, e.g., Meachum v. Fano, 427 U.S. 215 (1976). As described infra, plaintiff does not have a constitutional right to demand a specific security classification, and he does not describe how any defendant failed to protect him from violence by other inmates. Furthermore, a conclusory allegation of a conspiracy is insufficient to state a claim. Simmons v. Poe, 47 F.3d 1370, 1377 (4th Cir. 1995). Accordingly, none of the claims described in the third motion to amend entitle plaintiff to any relief.

### III.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting a plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and

conclusions . . . ." Id.  Therefore, a plaintiff must "allege facts sufficient to state all the elements of [the] claim."[2]  Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff fails to state a claim against any defendant.  The Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement," and to "take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." Id. at 833.  Although defendants did not assign plaintiff to protective custody as plaintiff requested, they did order plaintiff's continued confinement in segregation, which kept plaintiff away from his enemies in general population at Sussex II and KMCC.  Therefore, plaintiff does not describe how a defendant disregarded a risk of serious harm by keeping plaintiff segregated from his enemies.

Furthermore, plaintiff does not have a constitutional right to demand a specific security classification, like protective custody instead of segregation, and custodial classifications do not create a major disruption in an inmate's environment.  Sandin v. Conner, 515 U.S. 472, 486-87 (1995).  Although plaintiff asks for an injunction to prevent VDOC agents from retaliating against him for filing this action, plaintiff does not establish that he suffers retaliation, and he cannot merely speculate about the possibility of retaliation.  See Am. Civil Liberties Union, 999 F.2d 780, 785 (4th Cir. 1993) ("Where there is no impairment of the plaintiff's rights, there is no need for the protection provided by a cause of action for retaliation.").  Finally, any injunctive

---

[2] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).  Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions.  Id.  Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court does not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint.  See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).  See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

relief about not being placed in protective custody at Sussex II is moot because plaintiff was transferred from Sussex II to KMCC, and he fails to identify how Warden Vargo and Sgt. Copeland, who work at Sussex II, have any impact on the operations at KMCC.  See Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007) (recognizing an inmate's transfer or release from a particular prison moots claims for injunctive and declaratory relief with respect to incarceration there).  Accordingly, plaintiff fails to state a claim upon which relief may be granted against any defendant.

### IV.

For the foregoing reasons, the court denies plaintiff's motions to amend and to add a new defendant and dismisses the Amended Complaint without prejudice for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to plaintiff.

Entered:  January 29, 2013

*/s/ Michael F. Urbanski*

Michael F. Urbanski
United States District Judge